

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Keyrupyan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Keyrupyan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1330

_____

CYNTHIA PATRICIA KEYRUPYAN,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review from the Board of Immigration Appeals

(File A95-369-629)

Immigration Judge: Honorable Charles M. Honeyman

_____

Submitted Under Third Circuit LAR 34.1(a)
March 16, 2007

Before:  FUENTES, GREENBERG, and LOURIE,* Circuit Judges.

(Filed March 28, 2007)

_____

OPINION OF THE COURT

_____

---

*Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

LOURIE, Circuit Judge.

Cynthia Patricia Keyrupyan ("Keyrupyan") petitions for review of a decision and order of the Board of Immigration Appeals (the "Board") affirming without opinion the decision by the Immigration Judge ("IJ") that denied Keyrupyan's application for asylum, withholding of removal, and relief under the Convention Against Torture. Because substantial evidence supports the IJ's determination, we will deny the petition for review.

Keyrupyan was born in Indonesia in 1974 and is a Christian of Chinese ethnicity. She entered the United States at San Francisco, California, on or about September 10, 2001 as a B-1 non-immigrant visitor. She submitted an application for asylum on December 26, 2001. She remains in the United States and is not currently detained.

The IJ held hearings on Keyrupyan's claim on January 22, 2003 and April 19, 2004, and Keyrupyan was the only witness. In support of her claim of past persecution and fear of future persecution based upon her religion and ethnicity, Keyrupyan testified as to three incidents. First, she testified that she had been punched while taking public transportation home from school as a child, as well as suffering other incidents due to her Chinese ethnicity. Second, Keyrupyan described an incident at her church in Indonesia on Christmas Eve in 1998. As a number of the worshipers were leaving the church to go to dinner together, a bomb that had been placed in the car of her mother's friend exploded. As a result of the injuries from the bomb, the friend's legs had to be amputated. Keyrupyan was originally supposed to ride in that same car but decided to ride with others and so avoided injury.

2

Third, she stated that in January of 2000, a native Indonesian motorcyclist in Jakarta had hit her while she was crossing the street, causing injuries to her legs that required treatment at a hospital. The motorcyclist only laughed and insulted her rather than offering assistance. She also testified that her fear reached its height at the time of the riots in 1998, and that she believes that the same people who caused the riots continue to commit violence now. Her parents and two siblings remain in Indonesia.

The IJ issued an oral decision on April 19, 2004. The IJ determined that Keyrupyan was a credible witness. However, the IJ determined that the incidents described by Keyrupyan were not sufficient to establish past persecution. The IJ also determined that Keyrupyan had not established a likelihood that she would be singled out for future persecution or that the level of violence against Chinese Christians rose to the level of a general pattern or pervasive practice of persecution. The IJ relied upon statements indicating improvement in the relations between Christians and Muslims in Indonesia in the Country Report on Human Rights Practices for 2003. The IJ concluded that Keyrupyan did not have a basis for a well-founded fear of future persecution.

Having found that Keyrupyan did not meet the burden of proof for asylum, the IJ concluded that she could not meet the stricter standard for withholding of removal. The IJ also found that Keyrupyan had not met the burden of proof for relief under the Convention Against Torture.

The Board affirmed the IJ's decision without opinion on December 28, 2005, making

3

the IJ's decision the final agency determination. Keyrupyan timely appealed, and we have jurisdiction pursuant to 8 U.S.C. § 1252.

When the Board affirms the IJ's decision without opinion, the Court reviews the IJ's decision directly. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This Court has interpreted this provision to mean that the agency must support its findings with substantial evidence. Dia, 353 F.3d at 247. "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence. Conversely, if no reasonable fact finder could make that finding on the administrative record, the finding is not supported by substantial evidence." Id. at 249.

The Attorney General has the power to grant asylum to a person who qualifies as a refugee. 8 U.S.C. § 1158(b)(1). A refugee is "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "The applicant may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution," and establishing past persecution entitles the applicant to a presumption of a well-founded fear of future persecution. 8 C.F.R.

4

§ 1208.13(b).

This Court has defined persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)).

> To establish a well-founded fear of future persecution an applicant must first demonstrate a subjective fear of persecution through credible testimony that her fear is genuine. Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir.2003). Second, the applicant must show, objectively, that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." Id. To satisfy the objective prong, a petitioner must show she would be individually singled out for persecution or demonstrate that "there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 C.F.R. § 208.13(b)(2)(iii)(A).

Id. at 536.

On petition for review, Keyrupyan argues that her testimony established eligibility for asylum based on past persecution on account of her ethnicity and religion. She also argues that her testimony together with the most recent Country Report in the record for Indonesia and other documentary evidence of record establishes a well-founded fear of future persecution, especially in light of recent decisions in similar cases by other United States Courts of Appeal.

The government responds that substantial evidence supports the IJ's decision. The government argues that Keyrupyan was only subject to isolated harassment and assault rather

than persecution that constituted a severe threat to life or freedom.[1]  Emphasizing the standard of review, the government argues that the evidence does not compel a conclusion different from that reached by the IJ.

We agree with the government that substantial evidence supports the IJ's determinations.  The standard for establishing past persecution is high, and we cannot state that, on these facts, no reasonable fact finder could find that the incidents Keyrupyan described do not reach the level of persecution as we have defined it.  Similarly, given that there is support in the Country Report for 2003 for improving relations between Christians and Muslims in Indonesia and the lack of other objective rebuttal evidence, we cannot state that no reasonable fact finder could find that Keyrupyan did not have a well-founded fear of future persecution.  Also, "when family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished."  Lie, 396 F.3d at 537.

Keyrupyan relies on Sael v. Ashcroft, 386 F.3d 922 (9th Cir. 2004), and Lolong v. Gonzalez, 400 F.3d 1215 (9th Cir. 2005), which built upon Sael, to support a conclusion that she has established a well-founded fear of future persecution.  However, we have stated with

---

[1]     The government also argues that Keyrupyan failed to establish that the incidents described in her testimony were on account of her ethnicity or religion.  As the IJ did not make findings about the motivation for the acts or rely on that ground to reach his decision, we do not reach that question.

6

respect to <u>Sael</u> that we "disagree with the Ninth Circuit's use of a lower standard for individualized fear absent a 'pattern or practice' of persecution and, similarly, we reject the establishment of a 'disfavored group' category." <u>Lie</u>, 396 F.3d at538, n.4. Further, we note that the administrative record in those cases appears to have been far more substantial than the record provided in this case.

Finally, Keyrupyan also asks that we take judicial notice of the more recent 2005 Country Report for Indonesia because it is not a part of the record. We have acknowledged the problem with "stale" Country Reports but decided that "courts reviewing the determination of an administrative agency must approve or reject the agency's action purely on the basis of the reasons offered by, and the record compiled before, the agency itself." <u>Kamara v. Att'y Gen.</u>, 420 F.3d 202, 218 (3d Cir. 2005) (quoting <u>Berishaj v. Ashcroft</u>, 378 F.3d 314, 330 (3d Cir. 2004)). Thus, we decline to take such judicial notice of material that was not part of the record below.

Because the applicant's burdens of proof for withholding of removal and relief under the Convention Against Torture are higher than those for asylum and Keyrupyan was unable to meet the burden necessary to establish a claim for asylum, we need not separately address those claims. Because substantial evidence supports the IJ's conclusion that Keyrupyan did not establish eligibility for asylum, withholding of removal, or relief under the Convention Against Torture, we will deny the petition for review.